Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>MIGUEL JAIME BLAS<br><br>Peticionario | KLCE202400151 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Caso Núm. ISCR201600572<br><br>Sobre:<br>Art. 404 SC |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Romero García y el Juez Candelaria Rosa

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 11 de marzo de 2024.

I.

A modo de contextualizar el asunto de marras, casi una década atrás, el confinado Miguel A. Jaime Blas acordó con el Ministerio Público hacer alegación de culpabilidad por varios delitos de la derogada Ley de Armas de Puerto Rico.[2] A raíz de ello, el Tribunal de Primera Instancia lo condenó a cumplir setenta (70) años en prisión. Insatisfecho con la pena, Jaime Blas ha acudido, sin éxito, en varias ocasiones a este Foro de Apelaciones impugnando su *Sentencia.*

En el año 2022, Jaime Blas incoó ante este Foro de Apelaciones, *Moción en Solicitud de Reconsideración de Sentencia sobre Nuevas Penalidades Nuevas Enmiendas en el Código Penal 2012 Conforme a las Leyes 146-CP 2012 y 246-CP 2015 y Art. 67.* Solicitó, igual que hoy, que se le reduzca la pena que cumple. El 16 de agosto de 2022 se desestimó su recurso por inadecuado perfeccionamiento.

---

[1] Mediante la Orden Administrativa OATA-2024-028 de 21 de febrero de 2024, se designa este Panel Especial para atender este recurso.
[2] El 12 de enero de 2016, el Ministerio Público le imputó una veintena de transgresiones, los Artículos 5.01, 5.04, 5.10 y 6.01, 25 LPRA § 458 y el Art. 401 de la Ley de Sustancias Controladas de Puerto Rico, 24 LPRA § 2404.

Número Identificador

RES2024_____

Meses después, presentó ante el Tribunal de Primera Instancia una *Moción de Reconsideración*. Ante la negativa del Tribunal de Primera Instancia de reconsiderar su *Sentencia*, el 26 de septiembre de 2022, Jaime Blas acudió una vez más ante este Foro intermedio. El 9 de noviembre de 2022 un Panel hermano denegó su pedido.

Hoy vuelve a llamar nuestra atención mediante recurso de *Certiorari* instado el pasado 1ro de febrero de 2024, para que, declaremos nulos los cargos que este enfrenta por el Art. 5.04 de la Ley de Armas y los dejemos sin efecto al amparo de la Constitución de los Estados Unidos.[3] Por las razones que expondremos a continuación, nos vemos obligados a desestimar su recurso.

II.

Sabemos que los tribunales debemos ser celosos guardianes de nuestra jurisdicción.[4] Cabe puntualizar que "[l]a jurisdicción es el poder o autoridad que tiene un tribunal para considerar y decidir casos o controversias".[5] Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras.[6] Por lo que, los tribunales tienen el deber indelegable de verificar su propia jurisdicción a los fines de poder atender los recursos presentados ante éstos.[7] Los tribunales no pueden atribuirse jurisdicción si no la tienen, ni las partes en litigio pueden otorgársela.[8]

---

[3] Alegó que el 25 de enero de 2024 presentó una *Moción* ante el Tribunal de Primera Instancia, Sala Superior de Mayagüez, solicitando que los cargos que este enfrenta por el Art. 5.04 de la Ley de Armas se declararan nulos y fuesen dejados sin efecto al amparo de la Constitución de los Estados Unidos. Añadió que el mismo 25 de enero de 2024, el Foro primario emitió *Resolución* en la que declaró No Ha Lugar su *Moción*, por entender que la *Sentencia* se había realizado conforme a derecho.

[4] *Torres Alvarado* v. *Madera Atiles*, 202 DPR 495 (2019); *Vázquez* v. *ARPE*, 128 DPR 513, 537 (1991); *Martínez* v. *Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado* v. *Pichardo*, 104 DPR 778, 782 (1976).

[5] *Torres*, 202 DPR, págs. 499-500; *Shell* v. *Srio. Hacienda*, 187 DPR 109, 122 (2012*); Asoc. Punta Las Marías* v. *ARPE*, 170 DPR 253, 263 [nota al calce núm. 3] (2007); *Cordero et al.* v. *ARPE et al.*, 187 DPR 445, 456 (2012).

[6] *Ruiz Camilo* v. *Trafon Group, Inc.*, 200 DPR 254, 267 (2018); *S.L.G. Szendrey-Ramos* v. *F. Castillo*, 169 DPR 873, 882 (2007); *Morán* v. *Martí*, 165 DPR 356, 364 (2005); *Vega et al.* v. *Telefónica*, 156 DPR 584, 595 (2002).

[7] *Torres*, 202 DPR, págs. 499-500; *Souffront* v. *A.A.A.*, 164 DPR 663, 674 (2005); *Vázquez*, 128 DPR, pág. 537.

[8] *Allied Management Group Inc.* v. *Oriental Bank*, 204 DPR 374 (2020); *Maldonado* v. *Junta Planificación*, 171 DPR 46, 55 (2007); *Vázquez*, 128 DPR, pág. 537.

Así, cuando un tribunal determina que no tiene la autoridad para atender un recurso, sólo puede así declararlo y desestimar el caso.[9] Debido a que la ausencia de jurisdicción es insubsanable.[10] Las disposiciones reglamentarias sobre los recursos a presentarse ante este Tribunal de Apelaciones deben observarse rigurosamente.[11] Conforme a ello, la Regla 83 de nuestro Reglamento sobre desistimiento y desestimación, nos concede facultad para desestimar por iniciativa propia un recurso, entre otras razones, por falta de jurisdicción.[12]

### III.

El recurso presentado por Jaime Blas incumple sustancialmente con requisitos reglamentarios para su perfeccionamiento, por lo que nos impide asumir jurisdicción y atenderlo. Su escrito adolece de serios defectos, acorde a la Regla 34 de nuestro Reglamento.[13] Además de no contener un índice detallado de la solicitud y de las autoridades citadas conforme lo dispuesto en la Regla 75 de nuestro Reglamento, su escueto y lacónico escrito carece de una relación fiel y concisa de los hechos procesales pertinentes al caso y de un apéndice con copia de los documentos que forman parte del expediente. Además, aunque Jaime Blas alega haber radicado una moción al Tribunal de Primera Instancia el 25 de enero de 2024, no aneja dicha moción. De igual forma, no acompaña su recurso de la *Sentencia* cuya revisión solicitó.

Reconocemos que la Ley Núm. 103 de 2003, conocida como Ley de la Judicatura de 2003,[14] persigue brindar acceso fácil, económico y efectivo de la ciudadanía ante este Tribunal, así como permitir la comparecencia efectiva de apelantes por derecho propio.[15] Sin embargo, en *Febles* v. *Romar,*[16] el

---

[9] *Allied Management Group Inc.,* 204 DPR; *Carattini* v. *Collazo Systems Analysis Inc.,* 158 DPR 345, 355 (2002); *Vega et al.* v. *Telefónica,* 156 DPR 584, 595 (2002)

[10] *Allied Management Group Inc.,* 204 DPR; *Maldonado,* 171 DPR, pág. 55; *Souffront,* 164 DPR, pág. 674; *Vázquez,* 128 DPR, pág. 537.

[11] *Isleta, LLC* v. *Inversiones Isleta Marina, Inc.,* 203 DPR 585 (2019); *García Morales* v. *Mercado Rosario,* 190 DPR 632 (2014); *Soto Pino* v. *Uno Radio Group,* 189 DPR 84 (2013); *Hernández* v. *The Taco Maker,* 181 DPR 281 (2011); *Lugo* v. *Suárez,* 165 DPR 729 (2005); *Pellot* v. *Avon,* 160 DPR 125 (2003).

[12] 4 LPRA Ap. XXII-B, R. 83.

[13] Íd., R.34.

[14] 4 LPRA § 24(t) *et seq.*

[15] *Fraya, S.E.* v. *A.C.,* 162 DPR 182, 189-190 (2004).

[16] 159 DPR 714 (2003).

Tribunal Supremo de Puerto Rico advirtió que "[e]l hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". Siendo doctrina reiterada que las partes deben cumplir con las disposiciones reglamentarias establecidas para la presentación y forma de los recursos y que su incumplimiento puede dar lugar a la desestimación, procede que *desestimemos* el recurso incoado.[17]

IV.

Por los fundamentos que anteceden, *desestimamos* el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[17] 4 LPRA Ap. XXII-B, R. 83(C); *Arriaga Rivera* v. *Fondo del Seguro del Estado,* 145 DPR 122 (1998); *Cárdenas Maxán* v. *Rodríguez,* 119 DPR 642, 659 (1987); *Matos* v. *Metropolitan Marble Corp.,* 104 DPR 122, 126 (1975).